LATHAM & WATKINS LLP
Alexander C.K. Wyman (Cal. Bar No. 295339)
*alex.wyman@lw.com*
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Serrin Turner (*pro hac vice forthcoming*)
*serrin.turner@lw.com*
Matthew P. Valenti (*pro hac vice forthcoming*)
*matthew.valenti@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

*Attorneys for Defendant*
*Whaleco Inc., d/b/a Temu*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ASHWIN JACOB, et al.,

Plaintiffs,

v.

WHALECO, Inc., d/b/a TEMU; PDD Holdings, Inc., f/k/a PINDUODOU Inc.; and DOES 1-100, inclusive,

Defendants.

Case No. 2:25-cv-7464

**DEFENDANT WHALECO INC.'S NOTICE OF REMOVAL**

**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF.**

Removed from Los Angeles County Superior Court on August 11, 2025
Case No. 25STCV17882

Complaint Filed: June 20, 2025

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:**

**PLEASE TAKE NOTICE** that Defendant Whaleco Inc. d/b/a Temu ("Temu"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

## I. PROCEDURAL BACKGROUND

1. On or about June 20, 2025, Plaintiffs filed a Complaint in the Superior Court of the State of California, County of Los Angeles, in the case captioned *Ashwin Jacob, et al. v. Whaleco, Inc., et al.* A copy of the Complaint is attached hereto as Exhibit A.

2. On July 10 and 18, 2025, Plaintiffs emailed counsel for Temu copies of the Summons and Complaint. On July 25, 2025, Temu accepted service by email. A copy of Plaintiffs' July 10 and 18, 2025 email correspondence is attached hereto as Exhibit E, and a copy of the acceptance of service is attached hereto as Exhibit B.

3. The Complaint purports to bring this action on behalf of Plaintiff Ashwin Jacobs and 985 other Plaintiffs listed in Attachment 1 to the Complaint.

4. Plaintiffs base their allegations on a short-seller report that claims the Temu application can access data from users' phones. Compl. ¶ 35.

5. The Complaint brings eight causes of action for violations under the (1) Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. §§ 2510 *et seq.*, (2) Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, (3) California Comprehensive Data Access and Fraud Act, Cal. Penal Code § 502, (4) California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 630 *et seq.*, (5) California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,

(6) California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*, (7) right of privacy under the California Constitution, and (8) right against intrusion upon seclusion.

6. On or around March 24, 2025, Counsel for Plaintiffs filed eight identical complaints in state court[1] that have since been removed to federal court, deemed related, and consolidated in *In re: Whaleco Inc. Malware Litig.*, No. 2:25-cv-04651-MRA-MAA (C.D. Cal.). Counsel has additionally filed 10 more cases in Superior Court of the State of California for the County of Los Angeles.[2] Temu is concurrently filing notices of removal and notices of related cases in those actions as well.

## II. LEGAL STANDARD

7. A notice of removal requires only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the Court's jurisdictional requirements are satisfied, *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The notice "need not contain evidentiary submissions," and the Court should accept a removing defendant's allegations in the absence of countervailing evidence by the plaintiff. *Arias v.*

---

[1] *See Breeaunna Henry, et al. v. Whaleco, Inc., et al.*, No. 25STCV09085 (Cal. Super. Ct.); *David Clark, et al. v. Whaleco, Inc., et al.*, No. 25STCV08592 (Cal. Super. Ct.); *Johnny Hart, et al. v. Whaleco, Inc., et al.*, No. 25STCV08577 (Cal. Super. Ct.); *Juan Ramos, et al. v. Whaleco, Inc., et al.*, No. 25STCV08572 (Cal. Super. Ct. ); *Laura Coles, et al. v. Whaleco, Inc., et al.*, No. 25STCV08563 (Cal. Super. Ct.); *Marcalett Wideman, et al. v. Whaleco, Inc., et al.*, No. 25STCV08601 (Cal. Super. Ct.); *Melisha Jones, et al. v. Whaleco, Inc., et al.*, No. 25STCV08619 (Cal. Super. Ct.); *Victor Smith, et al. v. Whaleco, Inc., et al.*, No. 25STCV08583 (Cal. Super. Ct.).

[2] *See Tamara Jones, et al. v. Whaleco, Inc., et al.*, No. 25STCV18014 (Cal. Super. Ct.); *Bernard Headspeth, et al. v. Whaleco, Inc., et al.*, No. 25STCV17878 (Cal. Super. Ct.); *Hanna Yoseph, et al. v. Whaleco, Inc., et al.*, No. 25STCV16019 (Cal. Super. Ct.); *Jaafar Baseer, et al. v. Whaleco, Inc., et al.*, No. 25STCV17888 (Cal. Super. Ct.); *Jessica Calderon, et al. v. Whaleco, Inc., et al.*, No. 25STCV17300 (Cal. Super. Ct.); *Kelvin Gray, et al. v. Whaleco, Inc., et al.*, No. 25STCV17789 (Cal. Super. Ct.); *Kenneth Brown, et al. v. Whaleco, Inc., et al.*, No. 25STCV17792 (Cal. Super. Ct.); *Mary Moore, et al. v. Whaleco, Inc., et al.*, No. 25STCV15721 (Cal. Super. Ct.); *Patrick Perry, et al. v. Whaleco, Inc., et al.*, No. 25STCV16041 (Cal. Super. Ct.); *Taumaia Brown, et al. v. Whaleco, Inc., et al.*, No. 25STCV15747 (Cal. Super. Ct.).

*Residence Inn by Marriott*, 936 F.3d 920, 924-25 (9th Cir. 2019) (citing *Dart Cherokee*, 574 U.S. at 84).

**III. THE COURT HAS FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331**

8. Removal is proper for any "civil action brought in a State court of which district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

9. District courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In other words, removal is proper where Plaintiffs bring a cause of action under a federal statute. *See Negrete v. City of Oakland*, 46 F.4th 811, 816–17 (9th Cir. 2022) ("'[A] case arises under federal law when federal law creates the cause of action asserted.'" (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013))).

10. Where there is a federal cause of action, the court may also exercise supplemental jurisdiction over plaintiffs' state law claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims[.]").

11. That is exactly the case here. Plaintiffs bring causes of action under both the ECPA and CFAA, which are both federal laws. Therefore, removal is proper under 28 U.S.C. § 1331, and the Court may exercise supplemental jurisdiction over the remaining state law claims.

**IV. THE COURT HAS JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

12. In addition, or in the alternative, to finding that this case is removable under 28 U.S.C. § 1331, removal is proper because the instant case constitutes a "mass action" under the Class Action Fairness Act ("CAFA"), and all requirements for CAFA jurisdiction are satisfied.

13. "Congress enacted [CAFA] to facilitate adjudication of certain class [and mass] actions in federal court." *Dart Cherokee*, 574 U.S. at 89. CAFA's "provisions should be read broadly," and there is a "strong preference" that interstate actions like this one "should be heard in a federal court if properly removed by any defendant." *Id.* In particular, CAFA allows federal courts to exercise jurisdiction over "mass actions," defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact," 28 U.S.C. § 1332(d)(11)(B)(i), where certain requirements are satisfied. Specifically, jurisdiction over such actions is proper if: (1) any plaintiff is a citizen of a state different from any defendant (i.e., minimal diversity exists), and (2) the amount in controversy exceeds $5 million in the aggregate and $75,000 for individual plaintiffs. 28 U.S.C. §§ 1332(d)(2), (d)(6), (d)(11)(B)(i). These requirements are satisfied here.

**A. The Case Is a Mass Action**

14. This case constitutes a mass action because it is a "civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i).

15. Here, the Complaint is brought on behalf of 986 Plaintiffs—well in excess of the 100-Plaintiff threshold—who are seeking to try their claims jointly on the apparent basis that their claims not only involve common questions of law or fact, but are indistinguishable among the Plaintiffs.

**B. Minimal Diversity Is Satisfied**

16. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity—that is, at least one plaintiff must be a citizen of a state different from the state of citizenship of any named defendant. 28 U.S.C. § 1332(d)(2)(A).

17. "[A] corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

18. Plaintiffs, as identified in the Attachment, purport to be citizens of no fewer than 45 different states. *See* Compl., Attachment 1.

19. Temu is "incorporated in Delaware and headquarter[ed] in Boston, Massachusetts." Compl. ¶ 10. Temu is thus a citizen of Delaware and Massachusetts for the purposes of diversity jurisdiction.

20. Defendant PDD Holdings, Inc. ("PDD Holdings") is "registered in the Cayman Islands" with its principal place of business in Ireland. Compl. ¶ 11. PDD Holdings, Inc. is therefore allegedly a citizen of the Cayman Islands and Ireland for the purposes of diversity jurisdiction.

21. Minimal diversity thus exists because at least one Plaintiff is from a different state than either Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The Alleged Amount in Controversy Exceeds $5 Million in the Aggregate and $75,000 for Each Plaintiff**

22. CAFA provides that, "[i]n any class [or mass] action, the claims of the individual class members [or plaintiffs] shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(6), (d)(11)(A).

23. In the case of mass actions (as opposed to traditional class actions), there is an additional requirement that "jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [28 U.S.C. § 1332(a)]," which requires that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(d)(11)(B)(i); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (holding that "the $75,000 jurisdictional amount requirement of § 1332(a), [is] applicable to mass actions by virtue of § 1332(d)(11)(B)(i)"). In other words, CAFA confers federal

jurisdiction over a mass action where the aggregate amount in controversy exceeds $5 million, and where at least one Plaintiff's individual amount in controversy exceeds $75,000. *See id.* at 689 ("[T]he case cannot go forward unless there is at least one plaintiff whose claims can remain in federal court." (cleaned up)). Plaintiffs here do not distinguish the damages sought by each Plaintiff and instead bring general allegations for damages applicable to all. For the purposes of the individual amount in controversy, allegations sufficient for one Plaintiff to put $75,000 in controversy are by default applicable to all Plaintiffs.

24. Where a complaint does not specify a particular amount in damages, the removing defendant's "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. Put differently, the removing defendant need only show that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Thus, the Court may consider "the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

25. Temu denies the validity and merit of Plaintiffs' claims. Nevertheless, for purposes of setting forth grounds for this Court's jurisdiction—and without conceding that Plaintiffs are not entitled to damages or any relief whatsoever—both amount-in-controversy requirements for CAFA mass action removal are met here.

26. As to the aggregate amount in controversy, the $5 million threshold is easily satisfied by the Complaint's request for statutory and additional specific damages. Each Plaintiff is seeking clearly identifiable damages under three statutes: (1) statutory damages of $10,000 under the ECPA, Compl. ¶ 103, (2) economic damages of $5,000 under the CFAA, Compl. ¶ 117, and (3) statutory damages of $5,000 under CIPA, Compl. ¶ 149. Even excluding additional requests

for actual, compensatory, punitive, or other relief, this amount alone comes out to more than $19 million when considering all 986 Plaintiffs—well above the threshold $5 million aggregate amount-in-controversy requirement.

27. As for the individual amount-in-controversy requirement, Plaintiffs do not allege additional specific dollar amounts of damages in the Complaint, but seek numerous forms of relief—including (i) actual damages, (ii) statutory damages of $100 per day per violation or $10,000 under the ECPA, (iii) $5,000 of real economic damages under the CFAA, (iv) compensatory damages and disgorgement of profits, (v) exemplary and punitive damages for willful conduct, (vi) $5,000 of statutory damages under CIPA, (vii) award of pre- and post- judgment interest, (viii) reasonable attorneys' fees and other litigation costs, and (ix) injunctive and other equitable relief. *See* Compl., Prayer for Relief. Adding together the potential statutory, actual, and punitive damages, as well as the putative value of injunctive relief, disgorgement, and attorneys' fees, each Plaintiff has put more than $75,000 in controversy.

28. At the outset, the request for punitive damages alone gets each Plaintiff above the $75,000 threshold. California courts have consistently held that punitive damages can generally be awarded at a 4 to 1 ratio with compensatory damages but have left the door open for higher multipliers for more egregious behavior. *See Riley v. Volkswagen Grp. of Am., Inc.*, 51 F.4th 896, 902 (9th Cir. 2022) (holding that punitive damages were not limited to a 4 to 1 multiplier); *see also Cieslikowski v. Chrysler*, 2020 WL 7868128, at *5 (C.D. Cal. Dec. 21, 2020) ("A four-times punitive damages award . . . is certainly constitutional."). In other words, because each Plaintiff seeks at least $20,000 of compensatory damages, *see supra* ¶ 25 (adding statutory and specific damage amounts), it is plausible they could seek at least $80,000 in punitive damages each in addition. *See S. Union Co. v. Irvin*, 563 F.3d 788, 792 (9th Cir. 2009) (adding sum of compensatory and punitive damages).

29. Each Plaintiff additionally seeks attorneys' fees, injunctive relief, and disgorgement of profits, which may properly be included in the analysis for amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded[.]'" (citation omitted)); *Martinez v. Johnson & Johnson Consumer Inc.*, 471 F. Supp. 3d 1003, 1007, 1009 (C.D. Cal. 2020) (similar); *Nelson v. BIC USA, Inc.*, 2008 WL 906049, at *4 (S.D. Cal. Apr. 1, 2008) (considering "[t]he value of the restitution or disgorgement component of [Plaintiff's] claims"). While the dollar amount of this relief is not specified, Plaintiffs' various requests for relief, when taken together, plausibly put more than $75,000 in controversy for each Plaintiff.

30. Again, Temu denies that Plaintiffs are entitled to any damages—much less punitive damages or injunctive relief, as sought in the Complaint. But for purposes of determining the amount in controversy, this Court should find that Plaintiffs' demand satisfies the CAFA mass action amount in controversy thresholds.

## V. COMPLIANCE WITH REMOVAL PROCEDURES

31. **Removal is timely.** Temu timely removed within 30 days of Temu's receipt of the Complaint and acceptance of service. *See generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

32. **Removal is to the proper court.** Because the Complaint was filed in the Superior Court of California, County of Los Angeles, removal is proper to the Central District of California, which encompasses the location in which the Complaint was initially pending in state court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States for the district and division embracing the place where such action is pending.”).

33. **Notice is being provided forthwith.** Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Temu will promptly give written notice to Plaintiffs and will promptly file a copy of this Notice with the clerk of the Superior Court of the State of California, County of Los Angeles.

34. **All pleadings and process are attached.** Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Temu are attached hereto as Exhibit C. Copies of the Civil Case Cover Sheet, Summons, Minute Order Regarding Complex Determination, and Clerk’s Certificate of Service—all of which were filed in the state court action—are attached hereto as Exhibit D.

35. **PDD Holdings cannot join in removal**. Pursuant to 28 U.S.C. § 1446(b)(2)(A), only “defendants who have been properly joined and served must join in or consent to the removal of the action.” PDD Holdings has not yet been served in this action and therefore does not join in this notice of removal.

36. **Reservation of Rights.** Temu reserves the right to amend or supplement this Notice of Removal. Temu further reserves all rights and defenses, including but not limited to those available under the Federal Rules of Civil Procedure.

## VI. CONCLUSION

Temu respectfully requests that this Court exercise jurisdiction over this action, enter orders, and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of the State of California, County of Los Angeles.

Dated: August 11, 2025

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Alexander C.K. Wyman*

Alexander C.K. Wyman
*alex.wyman@lw.com*
355 South Grand Avenue, Suite 400
Los Angeles, CA 90071
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

Serrin Turner (*pro hac vice forthcoming*)
*serrin.turner@lw.com*
Matthew P. Valenti (*pro hac vice forthcoming*)
*matthew.valenti@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

*Attorneys for Defendant Whaleco Inc., d/b/a Temu*